BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00030-GEB-KJN |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $18,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On August 12, 2011, law enforcement officers with the Nevada County Sheriff's Office ("NCSO") and the Narcotics Task Force ("NTF") made a traffic stop of a BMW owned and driven by Charles Waylon Mason ("Mason") with Wendylyn Clemens ("Clemens") as a passenger. During this stop approximately $18,000.00 in U.S. Currency (hereafter "defendant currency") was seized. The Drug Enforcement Administration ("DEA") commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about February 8, 2012, the DEA received a claim from Mason asserting an ownership in the defendant currency.

2. The United States represents that it would present evidence at a forfeiture

1

1 trial that on or about August 12, 2011, while in plain clothes and driving an NCSO
2 unmarked vehicle, law enforcement officers observed what they believed to be an illegal
3 drug transaction.  They observed a suspicious person walking through a parking lot
4 wearing a large backpack and looking through the windows of at least two vehicles.
5 They saw this unidentified male get into the passenger's seat of a BMW.  The officers
6 circled the block to find a parking place where they could more closely watch the two
7 people in the BMW and when they returned to the parking lot, the driver of the BMW
8 (later determined to be Mason) was closing the trunk.  The unidentified male was still
9 in the passenger's seat.  Further investigation revealed that the registered owner of the
10 BWM was Mason and that he had been arrested for marijuana cultivation.

3. The United States would present evidence at trial that as the two officers watched, Mason and the unidentified male sat in the car for approximately ten minutes before they left the car at the same time; Mason going into a bank and the unidentified male going towards a bar.  One of the officers then approached the BMW and allegedly smelled the odor of marijuana coming from the inside of the vehicle.

4. The United States would present evidence at trial that within a few minutes of leaving the car, the unidentified male returned from the direction of the bar without his backpack and walked to a nearby park. Mason was then observed returning from the bank and speaking with the unidentified male at the park who had been joined by Clemens carrying sandwiches from across the street.  After a short discussion, the unidentified male stayed in the park while Mason and Clemens got into the BMW and drove away. The officers followed in their vehicle.  Once on the highway, the officers estimated the speed of the BMW to be over 65 mph so they conducted a traffic stop on Highway 49 in Nevada City, California. During the traffic stop both officers allegedly smelled the odor of marijuana coming from inside the vehicle.

5. The United States would present evidence at trial that the officers asked if they could search the vehicle.  Mason said they could search the car, but not the trunk. While searching the interior of the vehicle, an officer found a baggie containing one

2

ounce of marijuana on the floorboard near the rear of the driver's seat and the defendant currency inside a toiletry bag.  The officer asked Mason to open the trunk and after some discussion, Mason opened the trunk.  Inside the trunk of the BMW the officer found a large gray tote with eight Ziploc baggies of marijuana containing approximately one half pound each, a bag with approximately one pound of marijuana cola, and a smaller baggie containing approximately a quarter of a pound of marijuana.  Also found in the trunk were three large knives, a rifle pellet gun, and a digital scale.  Further inspection of the interior of the BMW revealed another large knife, three cell phones, and a methamphetamine pipe.

6. The United States would present evidence at trial that information later retrieved from the cell phone in Mason's pocket at the time of his arrest and the cell phone located in the console of the BMW showed hundreds of text messages related to the sales of marijuana.  Also discovered during Mason's arrest were two baggies, each containing approximately half a gram of methamphetamine, in his pocket.  On August 13, 2011, law enforcement officers executed a search warrant at Mason and Clemens residence and found approximately forty-four marijuana seedling plants and thirty five-foot-tall marijuana plants growing both inside and outside the residence.

7. The United States would present evidence at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, Charles Waylon Mason and Wendylyn Clemens specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Charles Waylon Mason and Wendylyn Clemens agree that an adequate factual basis exists to support the forfeiture of the defendant currency.  Charles Waylon Mason acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Charles Waylon Mason shall hold harmless and indemnify the

United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

12. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

13. Upon entry of this Consent Judgment of Forfeiture, $9,000.00 of the $18,000.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

14. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $9,000.00 of the $18,000.00 in U.S. Currency, together with any interest that has accrued on that amount, shall be returned to potential claimant Charles Waylon Mason through attorney Carolyn Hagin.

15. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

16. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed

herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

17. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

18. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

**Date: 1/16/2013**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

DATED: 1/16/13

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

Consent Judgment of Forfeiture